SPENCER Y. KOOK (SBN 205304)
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:    213-680-2800
Facsimile:    213-614-7399

Travis Wall (SBN 191662)
Peter J. Felsenfeld (SBN 260433)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:    415-362-6000
Facsimile:    415-834-9070

Attorneys for Plaintiff APPLIED UNDERWRITERS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., a Nebraska corporation, <br><br> Plaintiff, <br><br> vs. <br><br> LARRY J. LICHTENEGGER, J. DALE DEBBER, both Individuals, and PROVIDENCE PUBLICATIONS, LLC, a California limited liability company, <br><br> Defendants. | Case No. <br><br> **PLAINTIFF APPLIED UNDERWRITERS, INC.'S COMPLAINT FOR (1) FEDERAL TRADEMARK INFRINGEMENT, (2) VIOLATION OF LANHAM ACT, (3) UNFAIR COMPETITION, (4) FEDERAL TRADEMARK DILUTION, (5) VIOLATION OF CAL. BUS. & PROF. CODE § 17200,** *et. seq.* |

COMPLAINT
Case No. _____

# COMPLAINT

Plaintiff Applied Underwriters, Inc. ("Applied Underwriters" or "Plaintiff"), by and through its attorneys, complains as follows against defendants Larry Lichtenegger, J. Dale Debber, and Providence Publications, LLC (collectively, "Defendants") as follows.

## NATURE OF THE ACTION

1. This is a five-count complaint to redress violations of federal trademark infringement, the Lanham Act, unfair competition and violation of California's Unfair Competition Act, resulting from Defendants' wrongful and unauthorized use of Plaintiff's federally registered trademarks APPLIED UNDERWRITERS and EQUITYCOMP.

2. In March 2001, Applied Underwriters adopted the name and mark APPLIED UNDERWRITERS in connection with offering and providing certain financial services relating to insurance and employee benefit plans. Applied Underwriters has registered the service mark "APPLIED UNDERWRITERS" with the United States Patent and Trademark Office.

3. In October 2002, Applied Underwriters adopted the name and mark EQUITYCOMP in connection with offering and providing certain financial services relating to insurance and employee benefit plans. Applied Underwriters has registered the service mark "EQUITYCOMP" with the United States Patent and Trademark Office.

4. Through these trademark registrations and related common law and other intellectual property rights (collectively, the "APPLIED UNDERWRITERS IP"), Applied Underwriters has built a valuable business and good will, with the APPLIED UNDERWRITERS IP being famous as a source identifier in connection with Applied Underwriters' providing of certain financial services relating to insurance and employee benefit plans to the public.

5. As described more fully below, beginning in at least November 2015, Defendants wrongfully, willfully, and recklessly began using the APPLIED UNDERWRITERS IP to market and promote their own unrelated services related to insurance and employee benefit plans.

6. Defendants' wrongful and unauthorized use of the APPLIED UNDERWRITERS IP creates a likelihood of confusion and results in the dilution of Applied Underwriters' valuable intellectual property rights. Applied Underwriters seeks, *inter alia*, injunctive relief, compensatory

damages, restitution, punitive damages, corrective advertising, attorneys' fees and costs incurred by reason of Defendants' conduct, and all other appropriate relief.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(a), and under 28 U.S.C. §§ 1331, 1337, and 1338.  This Court has jurisdiction over Applied Underwriters' state law claims under 28 U.S.C. §§ 1338(a) and 1367(a), as well as general principles of supplemental and pendent jurisdiction. Finally, this Court has jurisdiction over all claims pursuant to 28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000, excluding interest and costs, and there is complete diversity between Applied Underwriters and Defendants.

8. This Court has personal jurisdiction over the Defendants because they reside in this District and/or do business in this District and because many of the events giving rise to the claims herein occurred in this District.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial portion of the property that is the subject of this action (Applied Underwriters' trademarks, etc.) is situated in this District, and the Defendants reside and/or do business in this District.

**THE PARTIES**

10. Plaintiff Applied Underwriters is a Nebraska corporation with its principal place of business located in Omaha, Nebraska.  Applied Underwriters is a financial services company that provides payroll processing services and, through affiliated insurance companies, offers programs through which workers' compensation insurance is offered and provided to employers throughout the United States, including in this District. Applied Underwriters is an indirect subsidiary of Berkshire Hathaway, Inc. Since its inception in 1994, Applied Underwriters has grown in number of customers and revenues. Applied Underwriters' affiliated insurance carriers are rated 'A+' (Superior) by A.M. Best Company.

11. On information and belief, Defendant Larry J. Lichtenegger is an individual who resides in Carmel, California and does business in this District wrongfully using the APPLIED UNDERWRITERS IP.  Defendant Lichtenegger is an attorney and licensed to practice law in

1  California.

2      12.    On information and belief, Defendant J. Dale Debber is an individual who resides in this District, does business in this District wrongfully using the APPLIED UNDERWRITERS IP and is the Chief Executive Officer and publisher of Defendant Providence Publications LLC.

    13.    On information and belief, Defendant Providence Publications, LLC, is a California limited liability company located in this District and does business in this District under the name Workers' Comp Executive with the moniker "Credible Authoritative Trustworthy" wrongfully using the APPLIED UNDERWRITERS IP including through various on-line publications it publishes, including without limitation the Workers' Comp Executive (www.wcexec.com).

## BACKGROUND FACTS

    14.    Applied Underwriters first began using its name and mark APPLIED UNDERWRITERS in October 2001. Applied Underwriters offered financial services relating to workers' compensation insurance and employee benefit plans. Since that time, Applied Underwriters has continuously used the name and mark "APPLIED UNDERWRITERS" to identify its services.

    15.    Beginning in October 2002, Applied Underwriters began offering, through its affiliates, workers' compensation program services in connection with the mark EQUITYCOMP. Since that time, Applied Underwriters has continuously used the name and mark "EQUITYCOMP" to identify those workers' compensation insurance services.

    16.    Applied Underwriters' customers are independent brokers and their clients, which are business organizations that use the insurance services offered by Applied Underwriters and its affiliates.

    17.    In recognition of Applied Underwriters' rights in the APPLIED UNDERWRITERS IP, the United States Patent and Trademark Office has issued to it numerous federal trademark registrations, including the following:

| Mark | Registration No. | Services | Date of Registration |
|---|---|---|---|
| APPLIED UNDERWRITERS | 2,651,867 | (Class 36) Financial services for business, namely, administration of insurance and employee benefits plans for business organizations | November 19, 2002 |
| APPLIED UNDERWRITERS (logo) | 2,777,687 | (Class 36) Financial services for business, namely, administration of insurance and employee benefits plans for business organizations | October 28, 2003 |
| EQUITYCOMP | 2,781,677 | (Class 36) Financial services for business, namely, administration of insurance and employee benefits plans for business organizations | November 11, 2003 |
| Equity Comp (logo) | 2,777,688 | (Class 36) Financial services for business, namely, administration of insurance and employee benefits plans for business organizations | October 28, 2003 |
| Applied Underwriters (logo) | 2,812,457 | (Class 36) Financial services for business, namely, administration of insurance and employee benefits plans for business organizations | February 10, 2004 |

5

COMPLAINT
Case No. _____

True and correct copies of the foregoing trademark registration certificates are attached as Ex. A.

18. Each of these trademark registrations are incontestable under 15 U.S.C. § 1065 and serve as conclusive evidence of the validity of these trademarks and registrations, and of Applied Underwriters' exclusive right to use these trademarks in connection with the services set forth in these registrations.

19. Applied Underwriters aggressively advertises and promotes its marks and its services. Applied Underwriters has spent millions of dollars advertising its marks and its services. In 2015 alone, Applied Underwriters has spent nearly $4 million to advertise its APPLIED UNDERWRITERS and/or EQUITYCOMP marks and the services offered in connection therewith.

20. Through the extensive and widespread use of the APPLIED UNDERWRITERS IP, the Applied Underwriters' trademarks, related common law and other intellectual property rights have acquired significant and extensive good will. The marks are famous and distinctive as a source identifier in connection with Applied Underwriters' providing of services relating to workers' compensation insurance and employee benefit plans.

21. Applied Underwriters' marks are entitled to a broad scope of protection.

**DEFENDANTS' INFRINGING ACTIVITIES**

22. Defendants have recently begun using the APPLIED UNDERWRITERS and EQUITYCOMP marks to market and promote their services, without Applied Underwriters' authority or permission and in reckless disregard of Applied Underwriters' federal trademark registrations and its rights.

23. Defendants are offering a "webcast" and DVD, presumably that will contain a copy of the webcast, that uses the APPLIED UNDERWRITERS and EQUITYCOMP marks in the title of the webcast, through the Workers' Comp Executive. A copy of Defendants' infringing offering is attached as Ex. B.

24. On information and belief, Defendants' have sent out emails promoting this webcast and DVD. These emails contain the APPLIED UNDERWRITERS and EQUITYCOMP name and marks, including as the title of the webcast. Defendants have promoted the webcast on websites they control at www.wcexec.com and www.provpubs.com.

25.     Defendants are specifically and intentionally targeting their marketing and advertising that wrongfully uses the APPLIED UNDERWRITERS and EQUITYCOMP marks to independent brokers and the business organizations that they serve who use Plaintiff's services.

26.     Defendants' improper use of the APPLIED UNDERWRITERS IP has caused, and will continue to cause, damaging and actual confusion among the public.  This actual confusion is certainly understandable, and will undoubtedly continue, given the identity of the marks at issue and the confusing way in which Defendants' market their services.

27.     As a result of the likelihood of confusion caused by Defendants' unauthorized use of the APPLIED UNDERWRITERS IP, Defendants are able to attract customers who mistakenly believe that they will attend a program sponsored or affiliated with Applied Underwriters. Defendants will not only wrongfully benefit from Applied Underwriters' valuable and hard-earned goodwill, but also jeopardize Applied Underwriters' reputation, as well as dilute and detract from the distinctiveness of the APPLIED UNDERWRITERS IP.

28.     Applied Underwriters is entitled to protect the goodwill and reputation inherent in the APPLIED UNDERWRITERS IP, and is likewise entitled to exclusive enjoyment of that intellectual property.  Unless Defendants' continued unlawful use of the name and marks APPLIED UNDERWRITERS and EQUITYCOMP is restrained by this Court, Applied Underwriters will suffer substantial irreparable injury for which it has no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

29.     Applied Underwriters repeats and realleges the allegations contained in preceding paragraphs as if fully set forth herein.

30.     Defendants' use of the name and marks APPLIED UNDERWRITERS and EQUITYCOMP is in violation of 15 U.S.C. §1114 and constitutes federal trademark infringement.

31.     Defendants' use of the name and marks APPLIED UNDERWRITERS and EQUITYCOMP has been in interstate commerce or has had a substantial affect on interstate commerce.

32.     Unless restrained by this Court, Defendants' use of the name and marks APPLIED UNDERWRITERS and EQUITYCOMP will irreparably damage Applied Underwriters, for which Applied

Underwriters has no adequate remedy at law.

## COUNT II
## VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

33. Applied Underwriters repeats and realleges the allegations contained in preceding paragraphs as if fully set forth herein.

34. Defendants' unauthorized use of the name and marks APPLIED UNDERWRITERS and EQUITYCOMP falsely designates the origin of Defendants' services and tends falsely to represent Defendants as being legitimately sponsored by, affiliated or connected with Applied Underwriters.

35. By reason of the foregoing, Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

36. As a direct and proximate result of Defendants' unlawful conduct, Applied Underwriters has suffered, and unless Defendants are enjoined by this Court, will continue to suffer, substantial irreparable injury for which there is no adequate remedy at law.

## COUNT III
## UNFAIR COMPETITION

37. Applied Underwriters repeats and realleges the allegations contained in preceding paragraphs as if fully set forth herein.

38. In view of its first, continuous, prominent and exclusive use of the name and marks APPLIED UNDERWRITERS and EQUITYCOMP, Applied Underwriters has acquired a protectable interest in the APPLIED UNDERWRITERS IP.

39. By reason of the confusion and the likelihood of continued confusion engendered by Defendants' use of the name and marks APPLIED UNDERWRITERS and EQUITYCOMP, Defendants have infringed, and will continue to infringe, upon Applied Underwriters' rights in the APPLIED UNDERWRITERS IP. Defendants have engaged in this infringing conduct intentionally and willfully, and with full knowledge of Applied Underwriters' rights.

40. As a direct and proximate result of Defendants' repeated and persistent acts of unfair competition, Applied Underwriters has suffered, and unless Defendants are enjoined by this Court, will continue to suffer, substantial and irreparable injury for which it has no adequate remedy at law.

## COUNT IV
## FEDERAL TRADEMARK DILUTION

41. Applied Underwriters repeats and realleges the allegations contained in preceding paragraphs as if fully set forth herein.

42. Applied Underwriters' name and marks APPLIED UNDERWRITERS and EQUITYCOMP are famous marks, entitled to protection under the federal Lanham Act (15 U.S.C. §§ 1051, et seq.). Among other things, (a) these service marks are inherently highly distinctive and have a high degree of acquired distinctiveness; (b) Applied Underwriters has advertised and publicized its marks for a considerable amount of time throughout the United States; (c) the marks have an extremely high degree of recognition among consumers; and (d) the marks are currently registered under the Lanham Act on the Principal Register.

43. The acts of Defendants as described above dilute, tarnish, blur and detract from the distinctiveness of Applied Underwriters' famous marks, with consequent damage to Applied Underwriters and the business and goodwill symbolized by the marks, in violations of the Federal Trademark Dilution Act of 1995, codified at 15 U.S.C. §1125.

44. As a proximate result of Defendants' above-described willful conduct, Applied Underwriters is informed and believes and based thereon alleges that it has been damaged in an unascertained amount.

45. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Applied Underwriters, for which Applied Underwriters has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

## COUNT V
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT

46. Applied Underwriters repeats and realleges the allegations contained in preceding paragraphs as if fully set forth herein.

47. Defendants' actions and practices constitute a continuing and ongoing fraudulent and/or deceptive activity prohibited by the California Business & Professions Code §17200 *et seq.* in that the aforementioned website and emails are likely to deceive and have in fact deceived

COMPLAINT
Case No. _____

1 individuals.

48. Additionally, Defendant Lichtenegger – an attorney practicing law in California – has engaged in conduct that constituted, and constitutes, an unlawful, unfair and/or fraudulent business act or practice, and unfair, deceptive, untrue and/or misleading advertisements, within the meaning of California Business & Professions Code § 17200 *et seq*.

49. As a result of such unlawful, unfair and/or fraudulent business acts or practices and such unfair, deceptive, untrue and/or misleading advertisements, Applied Underwriting has been injured, and continues to be injured, and has suffered financial loss for which it is entitled to relief.

50. Defendants' unlawful, unfair and/or fraudulent business acts or practices, and unfair, deceptive, untrue and/or misleading advertisements have caused, and if not enjoined will continue to cause, irreparable harm, injury and damage in an amount that will be difficult to ascertain.

51. Plaintiff has no adequate remedy at law for the wrongful actions of Defendants. Pursuant to California Business & Professions Code § 17203, Defendants should be enjoined and restrained from committing further unlawful, unfair and/or fraudulent business acts or practices against Plaintiff, and from further unfair, deceptive, untrue and/or misleading advertisements, including but not necessarily limited to the continued misleading use of Plaintiff's APPLIED UNDERWRITERS and EQUITYCOMP name and marks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Applied Underwriters respectfully requests this Court to:

1. Preliminary and permanently enjoin Defendants, and any person associated with Defendants, from (1) directly or indirectly using the name and mark APPLIED UNDERWRITERS or any name or mark confusingly similar thereto that includes that mark, (2) directly or indirectly using the mark EQUITYCOMP or any mark confusingly similar thereto that includes that mark, and (3) directly or indirectly using any other name or mark likely to dilute the distinctive quality of Plaintiff's intellectual property or injure its business reputation;

2. Direct Defendants to deliver up for destruction or other disposition within thirty days of the entry of judgment all advertising and other materials in their actual or constructive possession that violate the terms of any injunction entered herein or which bear any designation in violation

COMPLAINT
Case No. _____

hereof;

3. Direct Defendants to recall all advertising or other materials not yet disseminated to the trade or consumers that violate the terms of any injunction entered herein, or bear any designation in violation thereof;

4. Direct Defendants to account for all profits derived from their wrongful activities and to turn them over, trebled, to Plaintiff;

5. Order Defendants to pay Plaintiff all of Plaintiff's damages, trebled, resulting from Defendants' misconduct, including full compensation for the injury to Plaintiff's goodwill and business reputation;

6. Order Defendants to pay Plaintiff punitive damages for Defendants' intentional acts of infringement and unfair competition;

7. Award Plaintiff the fees, costs and disbursements of this action, including reasonable attorneys' fees; and

8. Grant such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

Dated:  November 24, 2015                HINSHAW & CULBERTSON LLP

By: */s/ Spencer Y. Kook*
SPENCER Y. KOOK
TRAVIS WALL
PETER J. FELSENFELD
Attorneys for Plaintiff APPLIED UNDERWRITERS, INC.