UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| APPLIED UNDERWRITERS, INC. a Nebraska Corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>LARRY J. LICHTENEGGER; J. DALE DEBBER; PROVIDENCE PUBLICATIONS, LLC, a California Limited Liability Company,<br><br>             Defendants. | No. 2:15-cv-02445-GEB-CKD<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |
|---|---|

On November 25, 2015, Plaintiff filed a motion for a temporary restraining order ("TRO"). (Pl.'s Notice of Mot. & Mot. for TRO, ECF No. 5.) Nothing in that filing evinced that Plaintiff has provided oral or written notice to Defendants. (TRO Checklist 1, ECF No. 5-10.) Specifically, Plaintiff asserts in the TRO Checklist, which is attached to its November 25, 2015 filing: "Notice has not yet been given, because the parties have not been served, and we await a hearing date on the TRO from the judge. Immediately upon receipt of that time and date, we will notify the parties via hand service." (Id.)

However, on November 27, 2015, the day after Thanksgiving and when the courthouse was closed, Plaintiff noticed its motion for hearing at 9:00 AM on November 30, 2015. (Pl.'s Am. Notice of

1   Mot., ECF No. 6.) That notice is vacated since it has not been
2   shown sufficient to provide Defendants with a meaningful
3   opportunity to respond to the motion.
4       Federal Rule of Civil Procedure ("Rule") 65(b)(1) concerns
5   the issuance of TROs without notice. It states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

13  Fed. R. Civ. P. 65(b)(1).
14      Further, Local Rule 231 prescribes, *inter alia*: "Except in
15  the most extraordinary of circumstances, no temporary restraining
16  order shall be granted in the absence of actual notice to the
17  affected party . . . or a sufficient showing of efforts made to
18  provide notice." E.D. Cal. R. 231(a) (citing Fed. R. Civ. P.
19  65(b)). Local Rule 231(c) further prescribes that "[n]o hearing
20  on a temporary restraining order will normally be set unless"
21  certain documents are provided to the Court and to the affected
22  parties, including: "an affidavit detailing the notice or efforts
23  to effect notice to the affected parties or counsel or showing
24  good cause why notice should not be given." E.D. Cal. R. 231(c).
25      Here, Plaintiff has neither shown that it has provided
26  appropriate notice to Defendants of its intention to file a TRO,
27  nor the required good cause averment in an affidavit explaining
28  "why notice should not be given." E.D. Cal. R. 231(c).

Nor has Plaintiff shown facts justifying the use of the expedited TRO proceeding it seeks. It should be understood that absent such a factual showing a preliminary injunction order proceeding should be used.

For the stated reasons, Plaintiff's motion for a TRO, (ECF No. 5), is DENIED.

Dated: November 30, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3