UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED UNDERWRITERS INC., a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>LARRY LICHTENEGGER, J. DALE DEBBER, both individuals, and PROVIDENCE PUBLICATIONS, LLC, a California limited liability company,<br><br>Defendants. | No. 2:15-cv-02445-TLN-CKD<br><br>**CLARIFICATION OF ORDER OF DISMISSAL** |

On November 14, 2018, the Ninth Circuit Court of Appeals remanded this action "for the limited purpose" of allowing this Court to clarify whether it dismissed Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or as a sanction under Rule 41(b) and, if the latter, then "to state the reasoning behind the selection of that sanction." (ECF No. 48 at 1.) This Court clarifies its decision and reasoning below.

///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Applied Underwriters, Inc. ("Plaintiff") sells workers' compensation insurance programs to businesses. (ECF No. 1 ¶¶ 15 & 16.) Defendants Larry J. Lichtenegger and J. Dale Debber ("Defendants") produced a seminar, available on DVD and webcast, critical of one of Plaintiff's insurance programs, "EquityComp." (ECF No. 1 ¶ 23 & Ex. B.) Defendants' seminar was titled, "Applied Underwriters' EquityComp Program®, Like it, Leave it, or Let it be? Learn the best strategies for selling, competing with, or helping a prospect out of EquityComp® mid-term." (ECF No. 1, Ex. B.) Plaintiff alleged that Defendants' use of Plaintiff's company name, Applied Underwriters, and program name, EquityComp, in Defendants' seminar's title and related advertising infringed and diluted the value of those trademarks. (ECF No. 1 ¶¶ 24–27.)

Plaintiff asserted five claims: trademark infringement; trademark dilution; violation of the Lanham Act; and federal and state law unfair competition. (ECF No. 1 at 1.) Defendants moved to dismiss all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13 at 2–3.) In its opposition, Plaintiff requested leave to amend if the Court granted the motion to dismiss. (ECF Nos. 19 at 21.)

On July 6, 2017, this Court issued an order granting Defendants' motion to dismiss and granting Plaintiff leave to amend. (ECF No. 31 at 13.) Plaintiff did not file an amended complaint, request an extension of time, or notify the Court of its intention not to amend and to stand on its original complaint. On August 10, 2017, after 35 days of inaction, the Court dismissed the case "[i]n light of Plaintiff's failure to file an Amended Complaint pursuant to the Court's Order." (ECF No. 32.) On September 6, 2017, Plaintiff filed its notice of appeal of the dismissal to the Ninth Circuit. (ECF No. 35.) The Ninth Circuit remanded the case to this Court to clarify whether it dismissed the case under Rule 12(b)(6) or Rule 41(b). (ECF No. 48 at 1.)

## II. STANDARD OF LAW

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) (citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct.

112 (1986)). "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Id*. "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (citing *Ferdik*, 963 F.2d at 1260).

A district court considers five factors in deciding whether to dismiss a case as a sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990 (quoting *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir.1998)). The Ninth Circuit has affirmed dismissal "where at least four factors support dismissal, ... or where at least three factors 'strongly' support dismissal." *Id*. The district court does not need to "make explicit findings in order to show that it has considered these factors," although that is "preferred." *Id*.

**III.** **ANALYSIS**

This Court determined three of the five factors strongly favored dismissal under Rule 41(b) as a sanction for failure to comply with the Court's order, although the Court did not make those findings explicit. The Court now clarifies is reasoning with respect to all five factors.

        A.      Expeditious Resolution of Litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990–92. In *Yourish*, the plaintiffs failed to timely file an amended complaint, but three days after the deadline they filed a request for clarification. *Id*. at 990. Both the district court and the Ninth Circuit rejected the plaintiffs' argument that the delay "was not so great as to favor the public's interest in expeditious resolution of litigation," and found this factor strongly favored dismissal. *Id*. at 990–91. Here, Plaintiffs never communicated with this Court but filed their Notice of Appeal with the Ninth Circuit 30 days after the deadline to amend. (ECF No. 36.) This Court found dismissal served the public interest in expeditious resolution of litigation and this factor strongly favored dismissal.

3

### B. The Court's Need to Manage Its Docket

Plaintiff's silence stopped progress in the litigation and allowed Plaintiff, not the Court, to control the docket. *Yourish*, 191 F.3d at 990 (finding this factor strongly favored dismissal where the plaintiffs filed their request for clarification three days after the deadline to amend because the plaintiffs' "noncompliance has caused the action to come to a complete halt, thereby allowing [the p]laintiffs to control the pace of the docket rather than the [c]ourt."). The *Yourish* Court noted the plaintiffs knew of the deadline and could have timely requested clarification, but instead they allowed the deadline to pass and filed their request for clarification three days later. *Id.* In *Ferdik*, the Ninth Circuit affirmed dismissal of a pro se plaintiff's habeas petition after he failed to timely file a second amended complaint to correct the caption by removing "et al." from the caption or naming an additional defendant. 963 F.2d at 1260, 1262–63. The Ninth Circuit described Ferdik's failure to amend as "vexatious noncompliance." *Id.* at 1261.

Here, this Court's Order granting Defendants' motion to dismiss and Plaintiff's request for leave to amend appeared on the docket on July 6, 2017, but Plaintiff did not respond until it filed its Notice of Appeal on September 6, 2017. (ECF Nos. 31, 36.) Further, when a plaintiff is granted leave to amend and does nothing, "resources continue to be consumed by a case sitting idly on the court's docket," and Rule 41(b) dismissal is proper. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). The Court dismissed and closed the case, received and reviewed Defendants' proposed order for entry of judgement, and entered judgment for Defendants. (ECF Nos. 32–34.) This Court was forced to continue to expend resources managing this case. This Court found its interest in managing its docket strongly favored dismissal.

### C. Risk of Prejudice to Defendants

Analysis of the "risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991 (finding the plaintiffs' reason for default, that they were waiting for clarification, was "very poor" because they did not timely raise the concern before the deadline, and this "paltry excuse" indicates sufficient prejudice to the defendants). Here, Plaintiff offered no reason for failing to file an amended complaint or other response prior to the deadline set by the Court. This factor also strongly favored dismissal.

### D. Public Policy Favoring Disposition on the Merits

Public policy strongly favors resolution of a case on its merits, and a dismissal under Rule 41(b) for failure to amend or take other action after a 12(b)(6) dismissal is not a dismissal on the merits. *See Yourish*, 191 F.3d at 992. This Court, however, did give Plaintiff the benefit of a detailed analysis of the merits in the Court's 12(b)(6) dismissal of Plaintiff's complaint, (ECF No. 31). *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (quoting *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 399 n.3, 101 S.Ct. 2424 (1981) to state that a dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits). This Court assessed each claim Plaintiff asserted and the factual allegations on which those claims rested. (ECF No. 31 at 7–12.) After the Court ruled on the merits, Plaintiff elected not to respond. Only upon Plaintiff's "inaction" did the "threatened Rule 12(b)(6) dismissal" on the merits "ferment into a Rule 41(b) dismissal" for Plaintiff's failure to timely amend or inform the Court it would not amend. *Edwards*, 356 F.3d at 1065. This factor is neutral.

### E. Availability of Less Drastic Alternative

The Court did not attempt a less drastic alternative. This factor does not favor dismissal. This Court believes the three other factors which strongly favor dismissal outweigh this factor. *Ferdik*, 963 F.2d at 1263 (stating even if two factors weighed against dismissal, "they would not outweigh the other three factors that strongly support dismissal").

Three of the five factors strongly favored dismissal, and this Court dismissed the case under Rule 41(b) as a sanction for failure to comply with the Court's order.

Dated: November 28, 2018

Troy L. Nunley
United States District Judge