UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>LARRY J. LICHTENEGGER, J. DALE DEBBER, both Individuals, and PROVIDENCE PUBLICATIONS, LLC, a California limited liability company,<br><br>Defendants. | No. 2:15-cv-02445-TLN-CKD<br><br><br><br>**ORDER** |

This matter is before the Court on Defendants Providence Publications, LLC ("Providence"), Larry J. Lichtenegger, and J. Dale Debber's (collectively, "Defendants") Motion for Attorney Fees. (ECF No. 37.) Plaintiff Applied Underwriters, Inc. ("Plaintiff") filed an Opposition on November 2, 2017. (ECF No. 45.) Defendants filed a Reply on November 9, 2017. (ECF No. 47.) For the reasons set forth below, the Motion is DENIED.

///
///
///
///
///

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant Providence is a local publisher that provides news, information, investigative journalism, and educational seminars to a market of insurance brokers and carriers interested in workers' compensation in California.  (ECF No. 13 at 1.)  One of Providence's educational seminars criticized Plaintiff's insurance program called "EquityComp."  (*Id.*)  Providence has extensively written about Plaintiff's program, including the multiple lawsuits brought against Plaintiff.  (*Id.*)  Providence's seminar was titled "Applied Underwriters' EquityComp® Program Like it, Leave it, or Let it be?"  (*Id.*)  The subtitle of the seminar was "Learn the best strategies for selling, competing with, or helping a prospect out of EquityComp® mid-term."  (*Id.*)

By way of the above-captioned action, which is now a closed matter, Plaintiff alleged federal trademark infringement, violation of the Lanham Act, unfair competition, federal trademark dilution, and violation of California Business & Professional Code § 17200 against all Defendants.  (ECF No. 1 at 7–10.)  Plaintiff claimed its intent in filing the lawsuit was to protect its trademark rights and prevent public confusion over Defendants' wrongful use of Plaintiff's trademarks.  (ECF No. 19 at 1.)

Plaintiff filed a Motion for a Temporary Restraining Order on November 25, 2015, the day before Thanksgiving, seeking to enjoin Defendants' use of Plaintiff's trademarks.  (ECF No. 5 at 2.)  On November 30, 2015, the Court denied Plaintiff's Motion because Plaintiff failed to provide Defendants with notice.  (ECF No. 7 at 1.)

On December 14, 2015, Defendants filed a Motion to Dismiss, asserting, *inter alia*, a nominative fair use defense.  (ECF No. 13 at 7.)  More specifically, Defendants argued Plaintiff's claims did not give rise to a cause of action because Defendants' use was nominative, i.e., used to identify or refer to a product or service, which use is permissible under trademark laws.  (*Id.*)  Defendants also asserted Plaintiff's false designation of origin claim was constitutionally-barred due to a lack of explicitly misleading statements.  (*Id.* at 11.)  Lastly, Defendants argued Plaintiff's federal dilution claim failed because Defendants' use of the trademarks fell within certain exceptions, including nominative fair use.  (*Id.* at 13.)

///

1    Plaintiff opposed Defendants' Motion, arguing the nominative fair use defense was
2    inapplicable because Defendants' use failed the three-prong test articulated in *New Kids on the*
3    *Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992).  (ECF No. 20 at 2.)  Plaintiff
4    asserted that Defendants' First Amendment argument should also be rejected because
5    Defendants' advertising and marketing were at issue, not the content of their program.  (*Id.* at 8.)
6    Lastly, Plaintiff argued Defendants' advertising constituted commercial speech, and Plaintiff
7    adequately alleged a trademark dilution claim.  (*Id.* at 8, 13.)

8    On July 6, 2017, the Court granted Defendants' Motion to Dismiss, finding Defendants'
9    use of the trademarks constituted nominative fair use.  (ECF No. 31 at 12.)  The Court granted
10   Plaintiff leave to amend within thirty days.  (*Id.* at 13.)  Plaintiff did not file an amended
11   complaint and on August 10, 2017, the Court dismissed the case.  (ECF No. 32.)  The Court
12   issued a Judgment in favor of Defendants on August 25, 2017.  (ECF No. 34 at 1.)  On September
13   6, 2017, Plaintiff filed a Notice of Appeal (ECF No. 35) and the next day, Defendants filed the
14   present Motion for Attorney Fees, seeking fees pursuant to the fee-shifting provision of the
15   Lanham Act.  (ECF No. 37 at 5.)

16   On February 6, 2019, the Ninth Circuit affirmed the District Court's dismissal.  (ECF No.
17   50, USCA Opinion; ECF No. 51, USCA Mandate.)  Although the panel concluded the District
18   Court abused its discretion by ultimately dismissing Plaintiff's Complaint pursuant to Federal
19   Rule of Civil Procedure ("Rule") 41(b), it held the Court's earlier dismissal under Rule 12(b)(6)
20   was appropriate because Defendants' use of Plaintiff's marks clearly constituted nominative fair
21   use.  (ECF No. 50 at 25.)

22   **II.     STANDARD OF LAW**

23   Rule 54(d)(2) provides that requests for attorney's fees shall be made by motion unless the
24   substantive law governing the action requires those fees to be proven at trial.  The rule itself does
25   not provide authority for awarding fees, rather, there must be another source of authority for such
26   an award.  *MRO Communications, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir. 1999).

27   To that end, the Lanham Act provides that in "exceptional cases" the court may award
28   reasonable attorney's fees to the prevailing party.  15 U.S.C. § 1117(a).  An exceptional case is

3

1 "one that stands out from others with respect to the substantive strength of a party's litigating
2 position (considering both the governing law and the facts of the case) or the unreasonable
3 manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
4 572 U.S. 545, 554 (2014). Under the Lanham Act, determination as to whether a case is
5 "exceptional" requires an evaluation of the totality of the circumstances. *SunEarth, Inc. v. Sun
6 Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016). Courts apply a preponderance
7 of the evidence standard and exercise equitable discretion in light of the nonexclusive factors
8 identified in *Octane Fitness*. *Id.* The nonexclusive factors include objective unreasonableness in
9 the factual and legal components of the case, motivation, frivolousness, and the need in particular
10 circumstances to advance considerations of compensation and deterrence. *Id*.

11 "[A]s a general matter, a prevailing party in a case involving Lanham Act and non-
12 Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims."
13 *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000). As a result, a court must apportion or at
14 least attempt to apportion fees awarded in connection with the Lanham Act claims only, "unless
15 the court finds the claims are so inextricably intertwined that even an estimated adjustment would
16 be meaningless." *Id.*

17 Procedurally, the Eastern District Local Rules require all motions for attorney fees be filed
18 by "28 days after entry of final judgment." E.D. Cal. L.R. 293(a). Local Rule 293(b) also
19 requires the moving party to file an affidavit showing: "[(1)] that the moving party was a
20 prevailing party; [(2)] that the moving party is eligible to receive an award of attorneys' fees, and
21 the basis of such eligibility; [(3)] the amount of attorneys' fees sought; [(4)] the information
22 pertaining to each of the criteria set forth in [Local Rule 293](c); and [(5)] such other matters as
23 are required under the statute under which the fee award is claimed." E.D. Cal. L.R. 293(b).

24 **III.  ANALYSIS**

25 By way of the present motion, Defendants seek attorney's fees under the fee-shifting
26 provision of the Lanham Act. Specifically, Defendants argue this is an "exceptional case"
27 because Plaintiff's claims were objectively unreasonable, its motivation for pursuing the lawsuit
28 was wrongful, and the need to deter similar actions justifies an award. (ECF Nos. 37, 47.)

A. <u>Objectively Unreasonable</u>

In arguing that Plaintiff's claims were objectively unreasonable, Defendants make much of the fact that the Court rejected every argument advanced by Plaintiff in its Opposition to Defendants' Motion to Dismiss and found the nominative fair use defense warranted dismissal of all claims. (ECF No. 37 at 7.) More specifically, the Court found Defendants' use of the trademarks in its promotional communications did not imply endorsement because the references were accompanied by repeated "unflattering" and critical references to the EquityComp insurance program. (*Id.*) The Court also found it "nearly impossible" for Defendants to have used a generic descriptor instead of the EquityComp name, and found Defendants used no more of the mark than necessary in the promotional materials. (*Id.*) Defendants point out that, finding nominative fair use applied, the Court found it unnecessary to address any of the other potentially applicable defenses. (*Id.* at 8.) Nonetheless, Defendants assert Plaintiff's false designation of origin claim was objectively unreasonable and clearly barred under the two-part test set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). (*Id.*) Finally, Defendants argue Plaintiff's dilution claim was objectively unreasonable given the First Amendment protections for speech and because dilution only applies to commercial speech. (*Id.*)

In opposition, Plaintiff argues the case is not exceptional because Plaintiff reasonably litigated the cause of action. (ECF No. 45 at 4.) According to Plaintiff, it filed a Motion for Temporary Restraining Order and gave Defendants sufficient notice. (*Id.*) Although the Motion was denied, Plaintiff did not pursue any further request for expedited or preliminary relief. (*Id.* at 4–5.) After Defendants filed a Motion to Dismiss, Plaintiff did nothing to increase Defendants' costs and attorney's fees. (*Id.*) Additionally, Plaintiff argues the claim was not objectively unreasonable because Plaintiff owns a registered trademark, Defendants used the marks, and there is no claim that the marks are invalid; thus, the lawsuit was brought only to police and enforce Plaintiff's trademark rights. (*Id.* at 5.) Finally, Plaintiff presented evidence showing actual confusion from one of its consumers, indicating the claim was not objectively unreasonable. (*Id.* at 6.)

5

In reply, Defendants argue nominative fair use and the First Amendment protect the type of speech underlying Plaintiff's Lanham Act claim, including speech critical of the mark holder's products or services.  (ECF No. 47 at 2.)  According to Defendants, it was clear Defendants were eschewing Plaintiff's mark, not attempting to mislead consumers over sponsorship of the seminar.  (*Id.*)  Defendants assert Plaintiff incorrectly relied on *Caiz v. Roberts*, CV No. 15-09044-RSWL-AGRx,  2017 WL 830386 (C.D. Cal. Mar. 2, 2017), because unlike *Caiz*, in which the court confronted a "close question," the issues here are not close.  (ECF No. 47 at 3.)  Moreover, case law makes clear that intellectual property owners are not free to ignore fair use defenses or the First Amendment.  (*Id.* at 2 (citing *Lenz v. Universal Music Corp.*, 571 F. Supp. 2d 1150, 1154–55 (N.D. Cal. 2008)).)  Defendants assert Plaintiff's evidence concerning a single confused customer does not change this analysis because consumer confusion focuses on the reasonable prudent consumer and a significant number of consumers, not present here.  (*Id.* at 4.)  The Court finds Plaintiff has the better argument.

Exceptional cases "stand out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." SunEarth, 839 F.3d at 1180 (quoting *Octane Fitness*, 572 U.S. at 554).  A case is not exceptional and does not support an award of attorney fees where Plaintiff had a registered trademark, his motivation in pursuing the lawsuit was to police and enforce his trademark rights, and the case was not objectively unreasonable both in the factual and legal components of the case.  *Octane Fitness*, 572 U.S. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

"[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced exceptionally meritless claims."  *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-cv-02812-ODW (Cwx), 2016 WL 5842187, at *3 (C.D. Cal. Oct. 5, 2016).  Even where a plaintiff failed to produce any evidence in support of its claims, the Ninth Circuit upheld a finding that the case was not exceptional because the case was not frivolous and raised debatable issues.  *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007).

Here, the Court granted (and the Ninth Circuit affirmed) Defendants' motion to dismiss because Defendants' use of Plaintiff's trademarks constituted nominative fair use. But the Court is not persuaded that Plaintiff lacked any reasonable basis to believe its claims were potentially viable. "In cases where the Ninth Circuit has affirmed the district court's denial of attorneys' fees based on a finding that [a Lanham Act] case was not exceptional, the key factor appears to be that the plaintiff raised 'debatable issues' and had a legitimate reason for bringing the lawsuit." *Am. Optometric Soc., Inc. v. Am. Bd. of Optometry, Inc.*, No. CV10-03983 AHM (FFMx), 2012 WL 6012861, at *2 (C.D. Cal. 2012). The Court finds that whether Plaintiff was justified in bringing its claims in this case is at least debatable. Having valid, registered trademarks entitles Plaintiff to police its marks if Plaintiff reasonably believes its trademarks were infringed. *Caiz*, 2017 WL 830386, at *4. Plaintiff asserts it brought its lawsuit to police and enforce its trademark rights, and presented evidence showing actual confusion from one of its customers in support of its claims. Therefore, the Court is not convinced that Plaintiff's lawsuit was entirely baseless. Rather, the Court finds Plaintiff's claims were not objectively unreasonable and this factor weighs against an award of fees for Defendant.

B.  Bad Faith

Defendants additionally argue Plaintiff pursued the case in bad faith. As evidence of bad faith, Defendants point to Plaintiff's TRO — filed without warning and without a prior request to cease and desist — which sought to enjoin Defendants from disseminating a DVD program in violation of its First Amendment rights. (ECF No. 37 at 9.) Moreover, Defendants note Plaintiff did not amend its complaint when given the opportunity and instead appealed to the Ninth Circuit in an effort to deplete Defendants of financial resources and to punish Defendant Lichtenegger for providing representation to those adverse to Plaintiff. (*Id.*) Finally, Defendants stress that their criticism of Plaintiff proved true when the California Department of Insurance issued Plaintiff a cease and desist order, which was ultimately upheld, forcing Plaintiff to stop selling its program. (*Id.*) According to Defendants, there was a clear underlying motivation from Plaintiff seeking to chill Defendants' First Amendment rights. (*Id.*)

In opposition, Plaintiff argues Defendants failed to present any evidence showing

7

1    malicious motive by Plaintiff.  (ECF No. 45 at 6.)  Plaintiff urges it was simply enforcing its

2    rights as a trademark owner and did not exhibit nefarious behavior.  (*Id.*)

3           In reply, Defendants reiterate that Plaintiff should have issued a cease and desist letter

4    demanding that Defendants stop their use of the trademarks.  (ECF No. 47 at 5.)  Instead, Plaintiff

5    filed a lawsuit on the eve of Thanksgiving in 2015 and served a notice of TRO hearing on

6    November 27, 2015, for a hearing on November 30, 2015.  (*Id.*)  Plaintiff's litigation was

7    allegedly in retaliation for Defendants' extensive reporting on Plaintiff's insurance program.  (*Id.*)

8    According to Defendants, Plaintiff's actions support the conclusion that its litigation conduct was

9    aimed at chilling a valid exercise of protected speech by forcing a small publisher into expensive

10   litigation.  (*Id.*)

11          "When attorney's fees are awarded against a plaintiff, the court looks to the plaintiff's

12   conduct in bringing the lawsuit and the manner in which it is prosecuted."  *Nat'l Ass'n of Prof'l*

13   *Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1148 (10th Cir. 2000) (cited

14   in *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 616 (9th Cir. 2010)).  Here, Defendants

15   argue Plaintiff's decision to file a lawsuit instead of first sending a cease and desist letter

16   demonstrates bad faith.  But Plaintiff's election to sue, without more, is not evidence that Plaintiff

17   litigated the case in bad faith.  *Strategic Partners, Inc. v. Vestagen Protective*, No. 2:16-cv-

18   05900-RGK-PLA, 2018 WL 6174013, at *2 (C.D. Cal. Jan. 17, 2018).  And while the Court

19   certainly frowns on the timing of Plaintiff's TRO, Defendants identify no authority in support of

20   their contention that a poorly-timed filing renders an entire action as one brought in bad faith.

21          Moreover, even if Plaintiff's claims were not particularly strong, the undisputed fact that

22   Plaintiff has registered trademarks and that Defendants used those trademarks supports a finding

23   that Plaintiff had a legitimate reason for bringing the lawsuit.  *Caiz*, 2017 WL 830386, at *4.

24   Despite Defendants' allegations that the litigation was retaliatory and/or aimed at chilling their

25   protected speech, the Court declines to conclude that Plaintiff pursued the litigation in bad faith

26   when it had a legitimate reason for filing a lawsuit and debatable issues were litigated.

27   Accordingly, this factor weighs against an award of fees.

28   ///

### C. Deterrence

As for deterrence, Defendants argue Plaintiff used state and federal unfair competition laws to chill Defendants' First Amendment protected speech, which conduct should be deterred. (ECF No. 37 at 10.) Defendants reason that the policies underlying the Lanham Act's fee provision are the same policies that underlie the mandatory fee-shifting provisions of the state's anti-SLAPP statute. (*Id.*) As a result, Defendants argue the need to deter others from utilizing anti-competition laws to stifle unfavorable speech on matters of public importance weighs in favor of awarding fees. (*Id.*)

In opposition, Plaintiff argues Defendants inappropriately rely on the California anti-SLAPP statute to again imply Plaintiff acted in bad faith, and that such contentions are baseless. (ECF No. 45 at 6.) Indeed, Plaintiff argues it did not intend to quash any speech, but merely wanted Defendants to present their webinar without using Plaintiff's federally-registered trademarks. (*Id.*) Plaintiff emphasizes that Defendants did not bring an anti-SLAPP motion during the litigation, and so deterrence is not an applicable basis upon which to award fees. (*Id.*)

In reply, Defendants argue they did not invoke the anti-SLAPP statute as a basis for recovering fees, but rather to show that this type of action is one which warrants deterrence through fee-shifting provisions. (ECF No. 47 at 6.) Defendants urge this factor should weigh heavily in favor of assessing fees under the totality of the circumstances test.

Although the anti-SLAPP statutes are not applicable here, in determining whether a case is "exceptional," deterrence of frivolous lawsuits is a factor the court may consider. *SunEarth*, 839 F.3d at 1181. A court may also look to a party's conduct to determine whether it demonstrates the need for deterrence. *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, 3:16-CV-02810-BEN-BGS, 2018 WL 5840042, at *4 (S.D. Cal. Nov. 7, 2018). Here, however, Defendants' argument rests heavily on the assumption that Plaintiff's lawsuit was baseless and motivated by a bad faith intent to chill speech. As discussed, the Court is not convinced of either. As such, the Court cannot say with any certainty that deterrence is needed in this case, and therefore finds this factor does not weigh in favor of awarding fees.

///

9

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Attorney's Fees brought under the fee-shifting provision of the Lanham Act (ECF No. 37) is DENIED.

IT IS SO ORDERED.

DATED: August 30, 2020

Troy L. Nunley
United States District Judge